# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| UNILOC USA, INC. and <br> UNILOC LUXEMBOURG, S.A., <br><br> Plaintiffs, <br><br> v. <br><br> CONCUR TECHNOLOGIES, INC., <br><br> Defendant. | § § § § § § § § § § § § § | Civil Action No. 2:16-cv-743 <br><br><br> PATENT CASE <br><br><br> JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (together "Uniloc"), as and for their complaint against defendant, Concur Technologies, Inc. ("Concur"), allege as follows:

## THE PARTIES

1. Uniloc USA, Inc. ("Uniloc USA") is a Texas corporation having a principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano Texas 75024. Uniloc also maintains a place of business at 102 N. College, Suite 603, Tyler, Texas 75702.

2. Uniloc Luxembourg S.A. ("Uniloc Luxembourg") is a Luxembourg public limited liability company having a principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540, Luxembourg (R.C.S. Luxembourg B159161).

3. Uniloc Luxembourg owns a number of patents in the field of application management in a computer network.

4. Upon information and belief, Concur is a Delaware corporation having a principal place of business in Bellevue, Washington and offering its products, including those accused

herein of infringement, to customers and/or potential customers located in Texas and in the judicial Eastern District of Texas.  Concur may be served with process through its registered agent in Texas: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

5. Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).  Upon information and belief, Concur is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, and/or has purposely transacted business involving the accused products in this judicial district, including sales to one or more customers in Texas.

7. Concur is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and judicial district, including: (A) at least part of its past infringing activities, (B) regularly doing or soliciting business in Allen, Texas and/or (C) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## COUNT I
(INFRINGEMENT OF U.S. PATENT NO. 6,324,578)

8. Uniloc incorporates paragraphs 1-7 above by reference.

9. Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 6,324,578 ("the '578 Patent"), entitled METHODS, SYSTEMS AND COMPUTER PROGRAM PRODUCTS FOR MANAGEMENT OF CONFIGURABLE APPLICATION PROGRAMS ON

A NETWORK that issued on November 27, 2001.  A true and correct copy of the '578 Patent is attached as Exhibit A hereto.

10. Uniloc USA is the exclusive licensee of the '578 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

11. Upon information and belief, the following describes, at least in part, how the Concur platform works:



12. Upon information and belief, the following describes, at least in part, how the Concur platform works:



13. Upon information and belief, the following describes, at least in part, how the Concur platform works:



14. Upon information and belief, the following describes, at least in part, how the Concur platform works:



15. Upon information and belief, the following describes, at least in part, how the Concur platform works:



16. Upon information and belief, the following describes, at least in part, how the Concur platform works:



17. Upon information and belief, the following describes, at least in part, how the Concur platform works:



18. Upon information and belief, the following describes, at least in part, how the Concur platform works:



19. Upon information and belief, the following describes, at least in part, how the Concur platform works:



20. Upon information and belief, the following describes, at least in part, how the Concur platform works:



21. Upon information and belief, the following describes, at least in part, how the Concur platform works:



22. Upon information and belief, the following describes, at least in part, how the Concur platform works:



23. Upon information and belief, the following describes, at least in part, how the Concur platform works:



24. Upon information and belief, the following describes, at least in part, how the Concur platform works:



25. Concur has directly infringed, and continues to directly infringe one or more claims of the '578 Patent in this judicial district and elsewhere in Texas, including at least claims 1-8, 10-14, 16-24, 26-39 and 41-46 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the Concur platform and/or app during the pendency of the '578 Patent which software and associated backend server architecture *inter alia* allows for installing application programs having a plurality of configurable preferences and authorized users on a network, distributing an application launcher program to a user, the user obtaining a set of configurable preferences, obtaining an

administrator set of configurable preferences and executing the application program using the user and administrator sets of configurable preferences responsive to a request from a user.

26. In addition, should the Concur platform and/or app be found to not literally infringe the asserted claims of the '578 Patent, the product would nevertheless infringe the asserted claims of the '578 Patent. More specifically, the accused software/system performs substantially the same function (making computer games available for digital download/management), in substantially the same way (via a client/server environment), to yield substantially the same result (distributing application programs to a target on-demand server on a network). Concur would thus be liable for direct infringement under the doctrine of equivalents.

27. Concur has indirectly infringed and continues to indirectly infringe at least claims 1-8, 10-14, 16-24, 26-39 and 41-46 of the '578 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale, selling, or importing the Concur platform and/or app. Concur's customers who use the Concur platform and/or app in accordance with Concur's instructions directly infringe one or more of the forgoing claims of the '578 Patent in violation of 35 U.S.C. § 271. Concur directly and/or indirectly instructs its customers through training videos, demonstrations, brochures, installation and/or user guides, such as those located at the following:

- www.concur.com
- www.concursolutions.com
- www.youtube.com

Concur is thereby liable for infringement of the '578 Patent under 35 U.S.C. § 271(b).

28. Concur has indirectly infringed and continues to indirectly infringe at least claims 1-8, 10-14, 16-24, 26-39 and 41-46 of the '578 Patent in this judicial district and elsewhere in the

United States by, among other things, contributing to the direct infringement by others including, without limitation customers using the Concur platform and/or app, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '578 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

29. For example, the Concur platform and/or app is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process. Furthermore, the Concur platform and/or app is a material part of the claimed inventions and upon information and belief is not a staple article or commodity of commerce suitable for substantial non-infringing use. Concur is, therefore, liable for infringement under 35 U.S.C. § 271(c).

30. Concur will have been on notice of the '578 Patent since, at the latest, the service of this complaint upon Concur. By the time of trial, Concur will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of one or more of claims 1-8, 10-14, 16-24, 26-39 and 41-46 of the '578 Patent.

31. Concur may have infringed the '578 Patent through other software utilizing the same or reasonably similar functionality, including other versions of its platform and/or app. Uniloc reserves the right to discover and pursue all such additional infringing software.

32. Uniloc has been damaged, reparably and irreparably, by Concur's infringement of the '578 Patent and such damage will continue unless and until Concur is enjoined.

**COUNT II**
(INFRINGEMENT OF U.S. PATENT NO. 7,069,293)

33. Uniloc incorporates paragraphs 1-32 above by reference.

34. Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 7,069,293 ("the '293 Patent"), entitled METHODS, SYSTEMS AND COMPUTER PROGRAM PRODUCTS FOR DISTRIBUTION OF APPLICATION PROGRAMS TO A TARGET STATION ON A NETWORK that issued on June 27, 2006. A true and correct copy of the '293 Patent is attached as Exhibit B hereto.

35. Uniloc USA is the exclusive licensee of the '293 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

36. Concur has directly infringed, and continues to directly infringe one or more claims of the '293 Patent in this judicial district and elsewhere in Texas, including at least claims 1, 12 and 17, literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling its Concur platform and/or app during the pendency of the '293 Patent which software and associated backend server architecture *inter alia* allow for providing an application program for distribution to a network server, specifying source and target directories for the program to be distributed, preparing a file packet associated with the program including a segment configured to initiate registration and distributing the file packet to the target on-demand server to make the program available for use by a client user.

37. In addition, should the Concur platform and/or app be found to not literally infringe the asserted claims of the '293 Patent, the product would nevertheless infringe the asserted claims of the '293 Patent. More specifically, the accused Concur platform and/or app performs substantially the same function (distributing application programs to a target on-demand server on a network), in substantially the same way (via a client/server environment to

target on-demand users), to yield substantially the same result (making application programs available for use by target on-demand users). Concur would thus be liable for direct infringement under the doctrine of equivalents.

38. Concur has indirectly infringed and continues to indirectly infringe at least claims 1, 12 and 17 of the '293 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale, selling, or importing the Concur platform and/or app. Concur's customers who use the Concur platform and/or app in accordance with Concur's instructions directly infringe one or more of the forgoing claims of the '293 Patent in violation of 35 U.S.C. § 271. Concur directly and/or indirectly instructs its customers through training videos, demonstrations, brochures, installation and/or user guides, such as those located at the following:

- www.concur.com
- www.concursolutions.com
- www.youtube.com

Concur is thereby liable for infringement of the '293 Patent under 35 U.S.C. § 271(b).

39. Concur has indirectly infringed and continues to indirectly infringe at least claims 1, 12 and 17 of the '293 Patent in this judicial district and elsewhere in the United States by, among other things, contributing to the direct infringement by others including, without limitation customers using the Concur platform and/or app, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in

infringing the '293 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

40. For example, the Concur platform and/or app is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process. Furthermore, the Concur platform and/or app is a material part of the claimed inventions and upon information and belief is not a staple article or commodity of commerce suitable for substantial non-infringing use. Concur is, therefore, liable for infringement under 35 U.S.C. § 271(c).

41. Concur will have been on notice of the '293 Patent since, at the latest, the service of this complaint upon Concur. By the time of trial, Concur will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of one or more of claims 1, 12 and 17 of the '293 Patent.

42. Concur may have infringed the '293 Patent through other software utilizing the same or reasonably similar functionality, including other versions of its platform and/or app. Uniloc reserves the right to discover and pursue all such additional infringing software.

43. Uniloc has been damaged, reparably and irreparably, by Concur's infringement of the '293 Patent and such damage will continue unless and until Concur is enjoined.

## COUNT III
(INFRINGEMENT OF U.S. PATENT NO. 6,510,466)

44. Uniloc incorporates paragraphs 1-43 above by reference.

45. Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 6,510,466 ("the '466 Patent"), entitled METHODS, SYSTEMS AND COMPUTER PROGRAM PRODUCTS FOR CENTRALIZED MANAGEMENT OF APPLICATION PROGRAMS ON A

NETWORK that issued on January 21, 2003. A true and correct copy of the '466 Patent is attached as Exhibit C hereto.

46. Uniloc USA is the exclusive licensee of the '466 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

47. Concur has directly infringed, and continues to directly infringe one or more claims of the '466 Patent in this judicial district and elsewhere in Texas, including at least claims 1-2, 7, 15-17, 22, 30 and 35, literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling its Concur platform and/or app during the pendency of the '466 Patent which software and associated backend server architecture *inter alia* allow for installing application programs on a server, receiving a login request, establishing a user desktop, receiving a selection of one or more programs displayed in the user desktop and providing a program for execution.

48. In addition, should the Concur platform and/or app be found to not literally infringe the asserted claims of the '466 Patent, the product would nevertheless infringe the asserted claims of the '466 Patent. More specifically, the accused Concur platform and/or app performs substantially the same function (making computer games/software available for digital download/management), in substantially the same way (via a client/server environment), to yield substantially the same result (providing authorized games/software to a client for execution). Concur would thus be liable for direct infringement under the doctrine of equivalents.

49. Concur has indirectly infringed and continues to indirectly infringe at least claims 1-2, 7, 15-17, 22, 30 and 35 of the '466 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale, selling, or importing

the Concur platform and/or app. Concur's customers who use the Concur platform and/or app in accordance with Concur's instructions directly infringe one or more of the forgoing claims of the '466 Patent in violation of 35 U.S.C. § 271. Concur directly and/or indirectly instructs its customers through training videos, demonstrations, brochures, installation and/or user guides, such as those located at the following:

- www.concur.com
- www.concursolutions.com
- www.youtube.com

Concur is thereby liable for infringement of the '466 Patent under 35 U.S.C. § 271(b).

50. Concur has indirectly infringed and continues to indirectly infringe at least claims 1-2, 7, 15-17, 22, 30 and 35 of the '466 Patent in this judicial district and elsewhere in the United States by, among other things, contributing to the direct infringement by others including, without limitation customers using the Concur platform and/or app, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '466 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

51. For example, the Concur platform and/or app is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process. Furthermore, the Concur platform and/or app is a material part of the claimed inventions and upon information and belief is not a staple article or commodity of commerce suitable for

substantial non-infringing use. Concur is, therefore, liable for infringement under 35 U.S.C. § 271(c).

52. Concur will have been on notice of the '466 Patent since, at the latest, the service of this complaint upon Concur. By the time of trial, Concur will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of one or more of claims 1-2, 7, 15-17, 22, 30 and 35 of the '466 Patent.

53. Concur may have infringed the '466 Patent through other software utilizing the same or reasonably similar functionality, including other versions of its platform and/or app. Uniloc reserves the right to discover and pursue all such additional infringing software.

54. Uniloc has been damaged, reparably and irreparably, by Concur's infringement of the '466 Patent and such damage will continue unless and until Concur is enjoined.

## COUNT IV
(INFRINGEMENT OF U.S. PATENT NO. 6,728,766)

55. Uniloc incorporates paragraphs 1-54 above by reference.

56. Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 6,728,766 ("the '766 Patent"), entitled METHODS, SYSTEMS AND COMPUTER PROGRAM PRODUCTS FOR LICENSE USE MANAGEMENT ON A NETWORK that issued on April 27, 2004. A true and correct copy of the '766 Patent is attached as Exhibit D hereto.

57. Uniloc USA is the exclusive licensee of the '766 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

58. Concur has directly infringed, and continues to directly infringe one or more claims of the '766 Patent in this judicial district and elsewhere in Texas, including at least claims 1, 3, 7, 9, 13, and 15, literally and/or under the doctrine of equivalents, by or through making,

using, importing, offering for sale and/or selling its Concur platform and/or app during the pendency of the '766 Patent which software and associated backend server architecture *inter alia* allow for maintaining user policy based license management information for application programs at a server, receiving a request for a license at the server, determining license availability based on the policy information, and providing an indication of availability or unavailability.

59. In addition, should the Concur platform and/or app be found to not literally infringe the asserted claims of the '766 Patent, the product would nevertheless infringe the asserted claims of the '766 Patent. More specifically, the accused Concur platform and/or app performs substantially the same function (managing licenses for authorized computer games/software based on user policy information), in substantially the same way (via a client/server environment), to yield substantially the same result (providing authorized games/software to a client). Concur would thus be liable for direct infringement under the doctrine of equivalents.

60. Concur has indirectly infringed and continues to indirectly infringe at least claims 1, 3, 7, 9, 13, and 15 of the '766 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale, selling, or importing the Concur platform and/or app. Concur's customers who use the Concur platform and/or app in accordance with Concur's instructions directly infringe one or more of the forgoing claims of the '766 Patent in violation of 35 U.S.C. § 271. Concur directly and/or indirectly instructs its customers through training videos, demonstrations, brochures, installation and/or user guides, such as those located at the following:

- www.concur.com

- www.concursolutions.com
- www.youtube.com

Concur is thereby liable for infringement of the '766 Patent under 35 U.S.C. § 271(b).

61. Concur has indirectly infringed and continues to indirectly infringe at least claims 1, 3, 7, 9, 13 and 15 of the '766 Patent in this judicial district and elsewhere in the United States by, among other things, contributing to the direct infringement by others including, without limitation customers using the Concur platform and/or app, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '766 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

62. For example, the Concur platform and/or app is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process. Furthermore, the Concur platform and/or app is a material part of the claimed inventions and upon information and belief is not a staple article or commodity of commerce suitable for substantial non-infringing use. Concur is, therefore, liable for infringement under 35 U.S.C. § 271(c).

63. Concur will have been on notice of the '766 Patent since, at the latest, the service of this complaint upon Concur. By the time of trial, Concur will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of one or more of claims 1, 3, 7, 9, 13 and 15 of the '766 Patent.

64. Concur may have infringed the '766 Patent through other software utilizing the same or reasonably similar functionality, including other versions of its platform and/or app. Uniloc reserves the right to discover and pursue all such additional infringing software.

65. Uniloc has been damaged, reparably and irreparably, by Concur's infringement of the '766 Patent and such damage will continue unless and until Concur is enjoined.

## PRAYER FOR RELIEF

Uniloc requests that the Court enter judgment against Concur as follows:

(A) that Concur has infringed the '578 Patent, the '293 Patent, the '466 Patent and the '766 Patent;

(B) awarding Uniloc its damages suffered as a result of Concur's infringement of the '578 Patent, the '293 Patent, the '466 Patent and the '766 Patent;

(C) enjoining Concur, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries and parents, and all others acting in concert or privity with it from infringing the '578 Patent, the '293 Patent, the '466 Patent and the '766 Patent;

(D) awarding Uniloc its costs, attorneys' fees, expenses and interest, and

(E) granting Uniloc such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Uniloc hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Dated: July 8, 2016						Respectfully submitted,

    */s/ Craig Tadlock*
Craig Tadlock
Texas State Bar No. 00791766
Keith Smiley
Texas State Bar No. 24067869
**TADLOCK LAW FIRM PLLC**
2701 Dallas Parkway, Suite 360
Plano, TX 75093
Tel: (903) 730-6789
Email: craig@tadlocklawfirm.com
Email: keith@tadlocklawfirm.com

Paul J. Hayes
Kevin Gannon
**CESARI AND MCKENNA, LLP**
88 Black Falcon Ave
Suite 271
Boston, MA 02110
Telephone: (617) 951-2500
Facsimile: (617) 951-3927
Email: pjh@c-m.com
Email: kgannon@c-m.com

**ATTORNEYS FOR THE PLAINTIFFS**